# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____<br>Massachusetts Mutual Life Insurance Company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Credit Suisse First Boston Mortgage Securities Corp.;<br>Mortgage Asset Securitization Transactions, Inc.; DLJ<br>Mortgage Capital, Inc.; UBS Real Estate Securities Inc.;<br>Credit Suisse Securities (USA) LLC; UBS Securities<br>LLC; Lee Farkas; Paul R. Allen; Ray Bowman; Delton<br>De'Armas; Desiree E. Brown; Andrew A. Kimura; Jeffrey<br>A. Altabef; Evelyn Echevarria; Michael A. Marriott;<br>Thomas Zingalli; David Martin; Per Dyrvik; Hugh<br>Corcoran; and Peter Slagowitz,<br><br>　　　　　　　Defendants.<br>_____ | Civil Action No. 11-cv-30048<br><br>Leave to File Granted on July 15,<br>2011 |
| Massachusetts Mutual Life Insurance Company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DLJ Mortgage Capital, Inc.; Credit Suisse First Boston<br>Mortgage Securities Corp.; Credit Suisse Securities<br>(USA) LLC (f/k/a Credit Suisse First Boston LLC);<br>Andrew A. Kimura; Jeffery A. Altabef; Evelyn<br>Echevarria, Michael A. Marriott; and Thomas Zingalli,<br><br>　　　　　　　Defendants.<br>_____ | Civil Action No. 11-cv-30047<br><br>Leave to File Granted on July 15,<br>2011 |
| Massachusetts Mutual Life Insurance Company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RBS Financial Products Inc. (f/k/a Greenwich Capital<br>Financial Products, Inc.); RBS Acceptance Inc. (f/k/a<br>Greenwich Capital Acceptance, Inc.); Financial Asset<br>Securities Corp.; RBS Securities Inc. (f/k/a Greenwich<br>Capital Markets, Inc.); Joseph N. Walsh III; Robert J. | Civil Action No. 11-cv-30044<br><br>Leave to File Granted on July 15,<br>2011 |

| | |
|---|---|
| McGinnis; Carol P. Mathis; John C. Anderson; and James M. Esposito, | ) ) ) |
| Defendants. | ) ) ) |

| | |
|---|---|
| Massachusetts Mutual Life Insurance Company, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DB Structured Products, Inc.; Deutsche Alt-A Securities, Inc.; ACE Securities Corp.; Deutsche Bank Securities Inc.; Anilesh Ahuja; Jeffery Lehocky; Michael Commaroto; Joseph Rice; Richard D'Albert; Richard Ferguson; Douglas Johnson; Evelyn Echevarria; and Juliana Johnson, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 11-cv-30039

Leave to File Granted on July 15, 2011

**THE INDIVIDUAL DEFENDANTS' JOINT REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS THE COMPLAINTS**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................2

I. THE COURT LACKS PERSONAL JURISDICTION OVER THE INDIVIDUAL DEFENDANTS. ..........................................................................2

    A. The Exercise of Personal Jurisdiction over the Individual Defendants Does Not Comport with Due Process. ..........................................................4

        1. Plaintiff Fails to Demonstrate Sufficient Minimum Contacts. .....................4

        2. Plaintiff Fails to Allege Purposeful Availment...........................................7

        3. Plaintiff Fails to Demonstrate that the Exercise of Jurisdiction Would Be Reasonable................................................................................9

    B. Plaintiff Is Not Entitled to Jurisdictional Discovery.............................................11

II. PLAINTIFF'S CONTROL PERSON CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED...................................................11

CONCLUSION...................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Medical Sys., Inc. v. Biolitec, Inc.*,
    604 F. Supp. 2d 325 (D. Mass. 2009) (Ponsor, J.) ................................................................ 12

*Bulldog Investors Gen. P'ship v. Commonwealth*,
    929 N.E.2d 293 (Mass. 2010) .................................................................................................. 4

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ............................................................................................................ 7, 11

*Cohen v. State St. Bank & Trust Co.*,
    72 Mass. App. Ct. 627, 893 N.E.2d 425 (2008) .................................................................... 12

*Comer v. Comer*,
    295 F. Supp. 2d 201 (D. Mass. 2003) .................................................................................... 10

*Derensis v. Coopers & Lybrand Chartered Accountants*,
    930 F. Supp. 1003 (D.N.J. 1996) ............................................................................................. 8

*Fiske v. Sandvik Mining & Constr. USA, LLC*,
    No. 07-cv-40174, 2009 WL 3163329 (D. Mass. Sept. 25, 2009) ............................................ 9

*Harbourvest Int'l Private Equity Partner II-Direct Fund, L.P. v. Axent Techs., Inc.*,
    No. 99-2188, 2000 WL 1466096 (Mass. Super. Aug. 31, 2000) ............................................ 3

*Harlow v. Children's Hosp.*,
    432 F.3d 50 (1st Cir. 2005) ................................................................................................. 4, 5

*Harrell v. Repp*,
    759 F. Supp. 2d 128 (D. Mass. 2010) (Ponsor, J.) ............................................................ 3, 12

*In re Cinar Corp. Sec. Litig.*,
    186 F. Supp. 2d 279 (E.D.N.Y. 2002) ................................................................................ 9, 10

*In re LDK Solar Securities Litigation*,
    No. C 07-05182, 2008 WL 4369987 (N.D. Cal. Sept. 24, 2008) .................................. 6, 9, 10

*Interface Group-Mass., LLC v. Rosen*,
    256 F. Supp. 2d 103 (D. Mass. 2003) ...................................................................................... 3

*Itoba Limited v. LEP Group PLC*,
    930 F. Supp. 36 (D. Conn. 1996) ................................................................................... 6, 9, 10

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011) ............................................................................................................. 8

*LaValee v. Parrot-Ice Drink Prods. of Am., Inc.*,
   193 F. Supp. 2d 296 (D. Mass. 2002) ..........................................................................5

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
   142 F.3d 26 (1st Cir. 1998) ....................................................................................2, 5

*Mass. Inst. of Tech. v. Micron Tech., Inc.*,
   508 F. Supp. 2d 112, 124 (D. Mass. 2007) ................................................................11

*Negron-Torres v. Verizon Commc'ns, Inc.*,
   478 F.3d 19 (1st Cir. 2007) ................................................................................2, 4, 5

*Newman v. European Aeronautic Defence & Space Co. Eads N.V.*,
   700 F. Supp. 2d 156 (D. Mass. 2010) .......................................................................10

*Openwave Systems Inc. v. Fuld*,
   No. C 08-5683, 2009 WL 1622164 (N.D. Cal. June 6, 2009) .....................................8

*Phillips Exeter Acad. v. Howard Phillips Fund*,
   196 F.3d 284 (1st Cir. 1999) .....................................................................................4, 5

*Phillips v. Prairie Eye Ctr.*,
   530 F.3d 22 (1st Cir. 2008) .............................................................................4, 7, 8, 9

*Platten v. HG Bermuda Exempted Ltd.*,
   437 F.3d 118 (1st Cir. 2006) .....................................................................................2, 5

*Rockwell Int'l Corp. v. Costruzioni Aeronautiche Giovanni Agusta*,
   553 F. Supp. 328 (E.D. Pa. 1982) ...............................................................................9

*Rodriguez v. Fullerton Tires Corp.*,
   115 F.3d 81 (1st Cir. 1997) .........................................................................................9

*Ticketmaster-New York, Inc. v. Alioto*,
   26 F.3d 201 (1st Cir. 1994) ...................................................................................11, 12

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*,
   960 F.2d 1080 (1st Cir. 1992) .....................................................................................7

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ..................................................................................................11

**Statutes & Rules**

Federal Rule of Civil Procedure 12(b) .................................................................................12

MUSA § 410(b) ......................................................................................................................1

MUSA § 414(h) ...................................................................................................................1, 3

# INTRODUCTION

In the above-captioned actions, Plaintiff Massachusetts Mutual Life Insurance Company ("Plaintiff" or "MassMutual") asserts control person liability under Section 410(b) of the Massachusetts Uniform Securities Act ("MUSA") against the undersigned individual Defendants (the "Individual Defendants"). As demonstrated in Defendants' Joint Memorandum of Law in Support of Their Motions to Dismiss the Complaints (the "Joint Brief" or "J.B.") and further below, these claims should be dismissed for two reasons.[1] *First*, this Court lacks jurisdiction over the non-resident Individual Defendants identified below.[2] Compliance with MUSA § 414(h) is insufficient by itself to establish personal jurisdiction. As Plaintiff acknowledges, compliance with the Due Process Clause of the United States Constitution is also required. Here, the Individual Defendants have submitted uncontested declarations evidencing their lack of contacts with Massachusetts. There are no specific allegations in the Complaints that any of the Individual Defendants engaged in any conduct either in, or specifically directed toward, the Commonwealth of Massachusetts in connection with the securities offerings at issue

---

[1] This Reply Memorandum of Law is submitted on behalf of the undersigned individual Defendants. The corporate Defendants are concurrently filing a Joint Reply Memorandum of Law in Support of Their Motions to Dismiss the Complaints ("Corporate Defendants' Reply Brief" or "Corp. Defs. Reply Br.") herewith. Capitalized terms have the same meanings as in the Joint Brief. Because Plaintiff's oppositions to Defendants' motions to dismiss in each of the four above-captioned actions are substantially the same as one another, for brevity, Defendants refer herein primarily to MassMutual's Opposition to the Officer Defendants' Motion to Dismiss in the 11-cv-30048 action ("Opp." or "Opposition").

[2] The following Individual Defendants seek dismissal for lack of personal jurisdiction: (a) CS Complaint: Andrew A. Kimura, Jeffrey A. Altabef, Evelyn Echevarria, Michael A. Marriott, Thomas Zingalli, David Martin, Per Dyrvik and Peter Slagowitz; (b) DLJ Complaint: Andrew A. Kimura, Jeffrey A. Altabef, Evelyn Echevarria, Michael A. Marriott and Thomas Zingalli; (c) RBS Complaint: Robert J. McGinnis, Carol P. Mathis and James M. Esposito; and (d) DB Complaint: Anilesh Ahuja, Jeffrey Lehocky, Michael Commaroto, Joseph Rice, Richard D'Albert, Richard Ferguson, Douglas Johnson, Evelyn Echevarria and Juliana Johnson.

here. Signing a registration statement for a federal securities filing does not establish personal jurisdiction in Massachusetts. Plaintiff's conclusory allegations that the Individual Defendants "purposefully directed the Corporate Defendants to sell securities in the Commonwealth", devoid of factual support, do not satisfy the constitutional standard and Plaintiff fails to establish that the exercise of personal jurisdiction here would comport with due process. *See infra* Section I. *Second*, Plaintiff fails to state a claim against the Individual Defendants based on control person liability because Plaintiff fails adequately to allege any primary violation of the MUSA on which control personal liability may be premised. *See infra* Section II.

## ARGUMENT

**I.   THE COURT LACKS PERSONAL JURISDICTION OVER THE INDIVIDUAL DEFENDANTS.**

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction. *See, e.g.*, *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). Under the *prima facie* standard, the inquiry is "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction. . . . The prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record." *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007) (quotation and citation omitted) (applying the *prima facie* standard to a pre-discovery jurisdictional challenge). Contrary to Plaintiff's contention, "[p]laintiffs may not rely on unsupported allegations in their pleadings, but are obliged to adduce evidence of specific facts". *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006) (quotation and citation omitted). Plaintiff fails to make the *prima facie* showing necessary to support a finding of personal jurisdiction.

Plaintiff asserts that it has established personal jurisdiction over the Individual Defendants pursuant to MUSA § 414(h), a provision which Plaintiff neither pleaded in its Complaints nor attempted to comply with until *after* the Individual Defendants filed dismissal motions. *See* Opp. at 6-8. Should the Court find that Plaintiff's recent efforts to invoke the statute "strictly comport[ed] with the requirements of § 414(h)", *Harbourvest Int'l Private Equity Partner II-Direct Fund, L.P. v. Axent Techs., Inc.*, No. 99-2188, 2000 WL 1466096, at *7 (Mass. Super. Aug. 31, 2000), the Individual Defendants do not contest that MUSA § 414(h) may supply the statutory authorization prong necessary for personal jurisdiction.[3] However, satisfaction of this provision alone is not sufficient to establish personal jurisdiction over the Individual Defendants—"[t]he court's exercise of personal jurisdiction on the basis of § 414(h), must *also* comport with the requirements of Due Process". *Harbourvest*, 2000 WL 1466096, at *7 n.12 (emphasis added). This is because in order for a nonresident to be subject to personal jurisdiction in Massachusetts, there must be a statute authorizing jurisdiction *and* the exercise of jurisdiction must be consistent with due process requirements mandated by the United States

---

[3] Plaintiff argues that the Massachusetts long-arm statute provides a "separate and independent basis" for the exercise of personal jurisdiction. Opp. at 8. For the reasons stated in Section IV.A. of the Joint Brief, Plaintiff fails to establish that the Massachusetts long-arm statute authorizes personal jurisdiction here. Despite devoting over five pages to this argument in its Opposition, Plaintiff has not pled a single factual allegation establishing that the Individual Defendants transacted business in Massachusetts, making only a vague and unsupported claim about the Individual Defendants' "direction and control". Opp. at 9. The Individual Defendants do not argue that any contacts with Massachusetts taken in their corporate role "do not 'count'" for jurisdictional purposes as Plaintiff asserts (Opp. at 11-13), but instead argue that Plaintiff impermissibly attempts to establish jurisdiction of the Individual Defendant *officers* based solely on the alleged Massachusetts contacts of the corporate *entities*. J.B. at 35-36. As this Court has explained, "jurisdiction over a corporate officer may not be based on jurisdiction over the corporation itself". *Interface Group-Mass., LLC v. Rosen*, 256 F. Supp. 2d 103, 105 (D. Mass. 2003). Moreover, Massachusetts' "long-arm statute is coextensive with the limits allowed by the Constitution", *Harrell v. Repp*, 759 F. Supp. 2d 128, 131 (D. Mass. 2010) (Ponsor, J.) (quotation omitted), and thus, Plaintiff's failure to establish that the requirements of due process are satisfied, as demonstrated below, is fatal to its personal jurisdiction argument.

Constitution. *See Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005); *Bulldog Investors Gen. P'ship v. Commonwealth*, 457 Mass. 210, 215, 929 N.E.2d 293, 298 (2010). For the reasons demonstrated below, Plaintiff fails to establish that the exercise of personal jurisdiction over the Individual Defendants would satisfy constitutional due process requirements.

    **A.**    **The Exercise of Personal Jurisdiction over the Individual Defendants Does Not Comport with Due Process.**

The Due Process Clause requires that in order for a non-resident defendant to be subject to personal jurisdiction, the plaintiff must demonstrate that the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice". *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008) (quotation omitted). Additionally, the plaintiff must establish that such contacts with the forum state are purposeful. Finally, the plaintiff must show that the exercise of jurisdiction is reasonable. *Id.* at 27-28; *Harlow*, 432 F.3d at 57. Establishing one or even two of these elements is not enough: "Critically, '[a]n affirmative finding on each of the three elements . . . is required to support a finding of . . . jurisdiction.'" *Negrón-Torres*, 478 F.3d at 24-25 (quoting *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 288 (1st Cir. 1999)). Here, Plaintiff has failed to satisfy all three requirements.

    **1.**    <u>**Plaintiff Fails to Demonstrate Sufficient Minimum Contacts.**</u>

To establish minimum contacts, plaintiff must demonstrate that its cause of action "relates sufficiently to, or arises directly from, a significant subset of contacts between the defendant and the forum". *Phillips Exeter Acad.*, 196 F.3d at 288. That is, there must be "'a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities'". *LaValee v. Parrot-Ice Drink Prods. of Am., Inc.*, 193 F. Supp. 2d 296, 302 (D. Mass. 2002)

(quoting *Mass. School of Law*, 142 F.3d at 34).  The relatedness inquiry therefore focuses on causation, and, in this respect, the First Circuit has explained:

> "[T]he relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection.  This court steadfastly reject[s] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect. . . . A broad 'but for' argument is generally insufficient.  Because 'but for' events can be very remote, . . . due process demands something like a 'proximate cause' nexus."

*Negrón-Torres*, 478 F.3d at 25 (quoting *Harlow*, 432 F.3d at 61).

Plaintiff's bare and conclusory allegation that the Individual Defendants "direct[ed] the Corporate Defendants to sell securities in Massachusetts" (Opp. at 17) is unsupported by any factual allegations and is plainly insufficient to establish minimum contacts. *See Negrón-Torres*, 478 F.3d at 25 (finding plaintiff did not establish relatedness because she "provided only conclusory allegations" to demonstrate that defendant's in-state contacts formed a material element of proof in her case); *Platten*, 437 F.3d at 138 (where plaintiffs "have not shown a 'material connection' between their injuries and [defendant's] contacts in Massachusetts", plaintiffs "cannot meet the relatedness requirement of the due process inquiry").

The only other allegations about the Individual Defendants in the Complaints on which Plaintiff relies for its jurisdictional argument are that the Individual Defendants: (1) "signed registration statements"; (2) were "involved in the day-to-day affairs" of the alleged primary violators and "controlled their operations"; and (3) "had control over the securitizations at issue, as evidenced by [their] signature[s] on the registration statements".  CS Compl. ¶¶ 20-26, 28, 122-28, 130, 151-57, 159; DLJ Compl. ¶¶ 12-16, 180-84, 198-202; RBS Compl. ¶¶ 13-14, 16, 180-81, 183, 196-97, 199; DB Compl. ¶¶ 12-20, 216-24, 236-44.  The Individual Defendants' signing of registration statements does not demonstrate any contacts with Massachusetts—these filings were made with the SEC, not with any Massachusetts regulator.

5

The two cases that Plaintiff cites on this point involved foreign (*i.e.*, non-U.S.) defendants accused of violating the federal securities laws, which provide for nationwide service of process—thus the jurisdictional inquiry was "whether the party has sufficient contacts with the United States, not any particular state". *In re LDK Solar Sec. Litig.*, No. C 07-05182, 2008 WL 4369987, at *5 (N.D. Cal. Sept. 24, 2008) (quotation omitted); *see also Itoba Ltd. v. LEP Grp. PLC*, 930 F. Supp. 36, 40 (D. Conn. 1996). Thus, the *LDK Solar* and *Itoba* courts found that signing documents filed with the SEC and distributed to United States investors established minimum contacts with the United States as a whole. *See LDK Solar*, 2008 WL 4369987, at *1, 5-6; *Itoba*, 930 F. Supp. at 40-41. Those decisions have no application here because Plaintiff has not alleged that the Individual Defendants filed any documents with any Massachusetts authority, and signing registration statements required under the federal securities laws did not involve any contact with Massachusetts. *See* J.B. at 37-38.

Nor do Plaintiff's bare allegations that the Individual Defendants were "involved in the day-to-day affairs" and controlled the operations of the alleged primary violators demonstrate any contact with Massachusetts, as none of the alleged primary violators are alleged to be based in Massachusetts, and there is no allegation that their "day-to-day affairs" or operations took place in Massachusetts. Plaintiff's allegation that the Individual Defendants "had control over the securitizations at issue, as evidenced by [their] signature[s] on the registration statements" alleges no more than the fact that the Individual Defendants signed the registration statements, which, as discussed above, does not demonstrate any contact with Massachusetts. In sum, Plaintiff's conclusory allegations are insufficient to establish that the Individual Defendants had any contact with Massachusetts, let alone the minimum contacts necessary to satisfy constitutional due process requirements.

### 2. **Plaintiff Fails to Allege Purposeful Availment.**

Due process also requires that a plaintiff show that the defendant purposefully availed himself or herself "of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable". *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992). Thus, the defendant's contacts with the forum state must be "deliberate" and must "'proximately result from actions by the defendant himself'". *Phillips*, 530 F.3d at 28 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Plaintiff argues that it has demonstrated purposeful availment because the Individual Defendants (1) "purposefully directed" the Corporate Defendants to sell securities in Massachusetts, and (2) signed the registration statements for the certificates that MassMutual purchased.[4] Opp. at 16. Neither of these allegations sufficiently establishes that the Individual Defendants engaged in purposeful and voluntary activity directed at Massachusetts.

*First*, it is insufficient to simply repeat, without factual basis, that the Individual Defendants "purposefully directed" the sale of securities "in the Commonwealth". Opp. at 16. Plaintiff has not pled a single factual allegation to support these claims and establish that the

---

[4] Plaintiff's reliance on *Derensis v. Coopers & Lybrand Chartered Accountants*, 930 F. Supp. 1003 (D.N.J. 1996) and *Openwave Systems Inc. v. Fuld*, No. C 08-5683, 2009 WL 1622164 (N.D. Cal. June 6, 2009) (*see* Opp. at 14), is misplaced. *Derensis* involved a Canadian corporation's officers and directors who allegedly approved and disseminated fraudulent financial statements that they knew would affect the value of securities that were already being traded on an American exchange. 930 F. Supp. at 1014. *Openwave* likewise involved non-resident director and officer defendants who were alleged to have made misrepresentations in the forum state and "knowingly participated" in a fraudulent plan to solicit the purchases of allegedly worthless auction rate securities, but even then the court found that plaintiff had made a *prima facie* showing of jurisdiction only "assuming that plaintiff does amend the complaint to more specifically allege the role that each defendant played in the alleged fraudulent scheme". 2009 WL 1622164, at *11-12.

Individual Defendants took any purposeful action directed *at Massachusetts*, as opposed to any other state in which the certificates were sold. Instead, Plaintiff argues that "the purposeful availment requirement can be satisfied simply by placing a product into the stream of commerce with the expectation that it will end up in Massachusetts". Opp. at 15. However, the United States Supreme Court recently held exactly the opposite. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (holding that placing a product into the stream of commerce with the expectation that it will show up in a particular state is *not* sufficient to demonstrate purposeful availment of the privilege of conducting business in that state).[5]

       Nor is there any support for Plaintiff's contention that the Individual Defendants "specifically intended and designed their products to be in compliance with Massachusetts securities laws".[6] Opp. at 15. These were nationally offered certificates, and Plaintiff offers no support for its assertion that they were tailored to the Blue Sky laws of Massachusetts or any other state simply because they were sold (among many other purchasers) to Plaintiff, a Massachusetts entity. The First Circuit has held "that the defendant's awareness of the location of the plaintiff is not, on its own, enough to create personal jurisdiction over a defendant". *Phillips*, 530 F.3d at 28-29 (rejecting plaintiff's purposeful availment argument, noting "[t]here is little besides awareness here", and holding that "[i]t stretches too far to say that [defendant], by

---

[5] Moreover, even prior to the Supreme Court's decision in *J. McIntyre*, "[t]he First Circuit . . . has rejected a 'stream of commerce' theory of personal jurisdiction—that is, the theory that because defendant placed its product into the stream of interstate commerce, knowing that it would end up in Massachusetts, it undertook action that was purposefully directed at Massachusetts". *Fiske v. Sandvik Mining & Constr. USA, LLC*, No. 07-cv-40174, 2009 WL 3163329, at *6 n.18 (D. Mass. Sept. 25, 2009) (citing *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 85 (1st Cir. 1997)).

[6] *Rockwell International Corp. v. Costruzioni Aeronautiche Giovanni Agusta*, 553 F. Supp. 328 (E.D. Pa. 1982), relied on by Plaintiff, is no longer good law, as it was decided under the expansive stream-of-commerce theory recently rejected by the Supreme Court in *J. McIntyre*.

mailing a contract with full terms to Massachusetts for signature and following up with three e-mails concerning the logistics of signing the contract, should have known that it was rendering itself liable to suit in Massachusetts").

*Second*, signing a registration statement is not sufficient to establish purposeful availment. *See* J.B. at 37-38. On this point, Plaintiff cites the same inapposite authority it cites in its minimum contacts analysis. As explained above, *LDK Solar* and *Itoba* involved federal securities claims against non-U.S. defendants, where the jurisdictional inquiry was the defendants' contacts with the United States as a whole, as was also the case in *In re Cinar Corp. Securities Litigation*, 186 F. Supp. 2d 279, 305 (E.D.N.Y. 2002). Thus, the courts in those cases found that signing documents filed with the SEC demonstrated purposeful availment of the laws *of the United States*, *see LDK Solar*, 2008 WL 4369987, at *5-6; *Cinar*, 186 F. Supp. 2d at 306; *Itoba*, 930 F. Supp. at 41, but that is distinguishable from the Massachusetts-specific inquiry at issue in these actions. Plaintiff has not alleged that the Individual Defendants filed any documents with any Massachusetts authority, and signing registration statements required under the federal securities laws in no way demonstrates purposeful availment of the laws of Massachusetts. *See* J.B. at 37-38.

### 3. Plaintiff Fails to Demonstrate that the Exercise of Jurisdiction Would Be Reasonable.

Plaintiff has not established that the exercise of jurisdiction over the Individual Defendants would be reasonable. Courts consider multiple factors, known as the "gestalt factors", when determining whether the exercise of jurisdiction would be reasonable: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all

9

sovereigns in promoting substantive social policies.  *See, e.g.*, *Comer v. Comer*, 295 F. Supp. 2d 201, 207 (D. Mass. 2003).  As the Individual Defendants established in the Joint Brief (*see* J.B. at 38 n.70), Plaintiff's "failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness", because "the gestalt factors come into play only if the first two segments of the test for . . . jurisdiction have been fulfilled".  *Newman v. European Aeronautic Defence & Space Co. Eads N.V.*, 700 F. Supp. 2d 156, 164 (D. Mass. 2010) (quotation omitted).  Even considering the gestalt factors, "the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction".  *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

    Plaintiff improperly attempts to place on the Individual Defendants the burden of presenting "a compelling case" that the exercise of jurisdiction would not be reasonable.  Opp. at 18.  The cases on which Plaintiff relies do not support its position.  In *Burger King*, the court ruled that when a plaintiff has satisfied the first two due process requirements of minimum contacts and purposeful availment—which Plaintiff has not done here—the defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable".  471 U.S. at 476-77.  In *Massachusetts Institute of Technology v. Micron Technology, Inc.* the court similarly held that when the plaintiff had established the prerequisites for *general* jurisdiction—that defendant had "systematic and continuous" contacts with the forum state (which Plaintiff does not allege here)—the defendant must present a "compelling case" that jurisdiction would be unreasonable.  508 F. Supp. 2d 112, 124 (D. Mass. 2007).

Here, the gestalt factors weigh against the exercise of jurisdiction over the Individual Defendants. All Individual Defendants reside outside Massachusetts, and it would be a significant burden on each of them to litigate in Massachusetts. "This burden, and its inevitable concomitant, great inconvenience, are entitled to substantial weight in calibrating the jurisdictional scales. Indeed, the [Supreme] Court has stated that this element, alone among the gestalt factors, is 'always a primary concern.'" *Ticketmaster-N.Y.*, 26 F.3d at 210 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). Though Massachusetts has some interest in resolving the dispute, it does not have a unique interest in doing so, and the people who would be among the key witnesses for the defense—*i.e.*, the Individual Defendants themselves—and most, if not all, of the relevant documents are located outside of Massachusetts. Finally, the claims against the Individual Defendants do not raise "substantive social policies", let alone ones that necessitate resolution in Massachusetts. *Ticketmaster-N.Y.*, 26 F.3d at 211.

### B.  Plaintiff Is Not Entitled to Jurisdictional Discovery.

Given Plaintiff's failure to make a colorable showing of personal jurisdiction, jurisdictional discovery should be denied. *Am. Medical Sys., Inc. v. Biolitec, Inc.*, 604 F. Supp. 2d 325, 330 (D. Mass. 2009) (Ponsor, J.) ("Plaintiffs' inability to make even a colorable claim of personal jurisdiction over [defendant] warrants rejection of their request for jurisdictional discovery."); *see also Harrell*, 759 F. Supp. 2d at 132-33 (denying plaintiff's request for jurisdictional discovery because the discovery sought by plaintiffs would not establish the requisite minimum contacts).

## II.  PLAINTIFF'S CONTROL PERSON CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED.

Should the Court find that it does have personal jurisdiction over the Individual Defendants, the control person claims against the Individual Defendants nonetheless should be

dismissed. For the reasons demonstrated in the Joint Brief, and in the Corporate Defendants' Reply Brief, filed herewith, Plaintiff fails to allege any primary violation of the MUSA on which control person liability may be premised. Plaintiff not only fails to plead any actionable misstatements or omissions in the offering documents (*see* J.B. at 13-29; Corp. Defs. Reply Br. at 5-16), but also has failed to plead that the non-underwriter Defendants are statutory sellers (*see* J.B. at 30-33; Corp. Defs. Reply Br. at 20-23), requiring dismissal of control person claims based on these Defendants. *See Cohen v. State St. Bank & Trust Co.*, 72 Mass. App. Ct. 627, 635 n.13, 893 N.E.2d 425, 431 n.13 (2008) (dismissing control person claim for lack of primary violation).

## CONCLUSION

For the foregoing reasons, the Complaints should be dismissed with prejudice pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure as to each of the Individual Defendants.

Dated: July 28, 2011
      Springfield, Massachusetts

                Respectfully submitted,

          By:    /s/ Kathy B. Weinman

                Kathy B. Weinman (BBO No. 541993)
                Azure Abuirmeileh (BBO No. 670325)
                COLLORA LLP
                600 Atlantic Avenue
                Boston, MA  02210
                Telephone:  617-371-1000
                Fax: 617-371-1037
                kweinman@collorallp.com
                aabuirmeileh@collorallp.com

                Of Counsel:

                Thomas C. Rice (trice@stblaw.com) (admitted *pro hac vice*)
                David J. Woll (dwoll@stblaw.com) (admitted *pro hac vice*)
                Alan Turner (aturner@stblaw.com) (admitted *pro hac vice*)
                Jason R. Meltzer (jmeltzer@stblaw.com) (admitted *pro hac vice*)
                SIMPSON THACHER & BARTLETT LLP
                425 Lexington Avenue
                New York, New York 10017
                Telephone: (212) 455-2000
                Facsimile: (212) 455-2502

                *Attorneys for the following Defendants*:

                (RBS Complaint):  *Joseph N. Walsh III; Robert J. McGinnis; Carol P. Mathis; John C. Anderson; and James M. Esposito*

                (DB Complaint):  *Anilesh Ahuja; Jeffery Lehocky; Michael Commaroto; Joseph Rice; Richard D'Albert; Richard Ferguson; Douglas Johnson; Evelyn Echevarria; and Juliana Johnson.*

                (Credit Suisse Complaint):  *David Martin; Per Dyrvik; and Peter Slagowitz.*

By:   /s/ Jonathan Sablone

        Jonathan Sablone (BBO No. 632998)
        Matthew T. McLaughlin (BBO No. 660878)
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA 02110
        Telephone: (617) 345-1342
        Fax: (617) 345-1300
        jsablone@nixonpeabody.com
        mmclaughlin@nixonpeabody.com

Of Counsel:

Richard W. Clary (rclary@cravath.com)
(*pro hac vice* admission pending)
Michael T. Reynolds (mreynolds@cravath.com)
(*pro hac vice* admission pending)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendants Andrew A. Kimura, Jeffrey A. Altabef, Evelyn Echevarria, Michael A. Marriott and Thomas Zingalli*

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing document, which was filed electronically with the Court through the Electronic Case Files system on July 28, 2011, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF").

                                                            /s/ Jonathan Sablone
                                                               Jonathan Sablone