**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>      v.<br><br>DLJ MORTGAGE CAPITAL, INC.; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.; CREDIT SUISSE SECURITIES (USA) LLC (F/K/A CREDIT SUISSE FIRST BOSTON LLC); ANDREW A. KIMURA; JEFFREY A. ALTABEF; EVELYN ECHEVARRIA; MICHAEL A. MARRIOTT; and THOMAS ZINGALLI,<br><br>           Defendants. | Civil Action No. 3:11-30047-MAP |

**MASSMUTUAL'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT WITH RESPECT TO, AND FOR RECONSIDERATION OF THE DISMISSAL OF, DEFENDANT JEFFREY A. ALTABEF**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby moves, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, for leave to amend its Complaint to include additional allegations clarifying individual Defendant Jeffrey A. Altabef's control over Defendant Credit Suisse Securities (USA) LLC ("CS Securities"), the underwriter Defendant in this case. MassMutual also moves for reconsideration of the Court's dismissal of the control person claim against Mr. Altabef in light of the new allegations MassMutual is able to assert showing Mr. Altabef's control over an underwriter Defendant.

MassMutual makes this Motion based on the Court's February 14, 2012 Order (the "Order"), which held that MassMutual had stated a claim for primary violations of Section 410(a) of the Massachusetts Uniform Securities Act (the "Massachusetts Securities Act") against the underwriter Defendant CS Securities only. The Court dismissed MassMutual's control person claims under Section 410(b) against the individual Defendants, including Mr. Altabef, because it concluded that MassMutual had alleged that the individual Defendants' "control person liability stems from primary violations by the non-underwriter Defendants" instead of the underwriter Defendant. Order at 50.

In light of the Court's Order, MassMutual seeks leave to amend the Complaint for the limited purpose of adding allegations clarifying that Mr. Altabef's control person liability stems from his control over an underwriter Defendant that committed primary violations. MassMutual seeks to amend two specific allegations of the Complaint to make clear that Mr. Altabef was a control person of underwriter CS Securities, in addition to being a control person of the depositor

1

and of all nine securitizations at issue. MassMutual's proposed First Amended Complaint including these allegations is attached hereto as Exhibit A.

In particular, MassMutual proposes the following amendments to the Complaint to make Mr. Altabef's control of CS Securities clear:[1]

**Paragraph 13**

*Current Version:*

Defendant Jeffrey A. Altabef is an individual residing in Chappaqua, New York. Altabef became a Managing Director of Credit Suisse in 2003. He served as Vice President and a Director of CSFB Mortgage. Altabef signed registration statements for all nine securitizations at issue in this action.

*Proposed Amended Version:*

Defendant Jeffrey A. Altabef is an individual residing in Chappaqua, New York. At all relevant times, Altabef served as a Managing Director of CS Securities. He also served as Vice President and a Director of CSFB Mortgage. Altabef signed registration statements for all nine securitizations at issue in this action.

**Paragraph 181**

*Current Version:*

As Vice President and a Director of CSFB Mortgage (the Depositor), Altabef was

---

[1] Given the limited nature of the proposed amendments and in the interest of efficiency, MassMutual has included the proposed amendments in the text of this motion rather than attaching a redline comparing the First Amended Complaint to the original Complaint. The clarifying amendments to Paragraphs 13 and 181 are the only changes included in the proposed First Amended Complaint.

involved in the day-to-day affairs of this primary violator.  Altabef also had control over the securitizations at issue, as evidenced by his signature on the registration statements for all nine securitizations.

*Proposed Amended Version:*

As a Managing Director at CS Securities (the Underwriter), Altabef was involved in and controlled the day-to-day affairs of this primary violator.  As Vice President and a Director of CSFB Mortgage (the Depositor), Altabef also was involved in and controlled the day-to-day affairs of the Depositor.  Altabef had control over the securitizations at issue, as evidenced by his signature on the registration statements for all nine securitizations.

Because discovery has not yet commenced, these amended allegations are based on MassMutual's reasonable independent investigation, which included the retention of a search service and a search of public records.

Under the Court's Order, the amended allegations are sufficient to state a Section 410(b) claim against Defendant Altabef.  Section 410(b) imposes liability on every "partner, officer, or director" of a primary violator, "every person occupying a similar status or performing similar functions," or every person who otherwise controls a primary violator.  Mass. Gen. Laws ch. 110A, § 410(b).  A managing director of a company, as a senior executive officer, falls within the categories of individuals subject to liability under Section 410(b).  In addition, the allegations that Mr. Altabef, as a Managing Director, was involved in the day-to-day affairs of the underwriter Defendant and had control over the securitizations at issue, as evidenced by his signatures on the Registration Statements for the securitizations, are independently sufficient to allege control and state a claim.  *See, e.g.*, *Goldenson v. Steffens*, 802 F. Supp. 2d 240, 264 (D.

Me. 2011) (allegations that a defendant was a managing director were sufficient to allege control; the "title[] alone convey[s] the active participation in the decisionmaking process"). The Court found that similar allegations were sufficient to state Section 410(b) claims against managing directors of other underwriter defendants in related cases addressed in the Order. *See, e.g.*, Order at 35, 46-50; Compl. in *Mass. Mut. Life Ins. Co. v. RBS Fin. Products Inc.*, Case No. 3:11-cv-30044, ¶¶ 13, 180.

MassMutual's proposed amendments should be allowed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which is a "liberal" standard providing that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25-26 (1st Cir. 2007) (under the "liberal standard" of Rule 15(a), the district court's denial of leave to amend was abuse of discretion). Leave to amend should not be denied unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (absent any showing of undue prejudice, bad faith, or dilatory motive, district court's denial of leave to amend was an abuse of discretion and "inconsistent with the spirit of the Federal Rules"); *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (reversing district court's order denying motion for leave to amend). Although MassMutual does not believe delay is at issue here, delay alone is an insufficient reason for denial of a motion to amend; the opposing party must demonstrate bad faith or undue prejudice. *See Carmona*, 215 F.3d at 136 ("Delay that is neither intended to harass nor cause any ascertainable prejudice is not a permissible reason, in and of itself to disallow amendment of a pleading.") (internal quotation marks and citation omitted); *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 851 (1st Cir. 1970) (18-month delay was insufficient reason for denial of leave to amend).

Defendant Altabef will suffer no undue prejudice as a result of the proposed amendments because he was named a party at the outset of this action and has been able to participate fully in the action.  Nor is there any bad faith or dilatory motive on the part of MassMutual.  Prior to the Court's Order, there was no reason to distinguish Mr. Altabef's control over the underwriter Defendant from his control over the non-underwriter Defendants.  Now that the distinction between underwriter and non-underwriter defendants has been clarified by the Court, MassMutual is timely moving in good faith for leave to amend the Complaint to make clear that Mr. Altabef controlled an underwriter defendant *and* non-underwriter defendants.  Justice requires that MassMutual be permitted to allege Mr. Altabef's true role, and doing so will not cause any undue delay.

MassMutual respectfully requests that the Court grant this motion and allow it leave to file its First Amended Complaint with the limited amendments described herein.  MassMutual also respectfully requests that the Court reconsider the dismissal of the Section 410(b) claim against Mr. Altabef in light of the new allegations.

DATED:  February 29, 2012            EGAN, FLANAGAN AND COHEN, P.C.

By:  /s/ Edward J. McDonough Jr._____
Edward J. McDonough Jr. (BBO 331590)
Stephen E. Spelman (BBO 632089)
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, Massachusetts  01102
Telephone:  (413) 737-0260
Fax:  (413) 737-0121
ejm@efclaw.com;
ses@efclaw.com

                                                MASSACHUSETTS MUTUAL LIFE
                                                INSURANCE COMPANY

                                                Mark Roellig (BBO 669117)
                                                Executive Vice President and General Counsel
                                                Bernadette Harrigan (BBO 635103)
                                                Assistant Vice President & Counsel
                                                Eleanor P. Williams (BBO 667201)
                                                Assistant Vice President & Counsel
                                                Massachusetts Mutual Life Insurance Company
                                                1295 State Street
                                                Springfield, Massachusetts  01111
                                                Telephone:  (413) 788-8411
                                                Fax:  (413) 226-4268
                                                bharrigan@massmutual.com;
                                                ewilliams@massmutual.com

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Philippe Z. Selendy
Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

A. William Urquhart
Harry A. Olivar, Jr.
Molly Stephens
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants and the proposed new defendants on this 29th day of February, 2012.

                              */s/ Edward J. McDonough Jr.*
                              _____
                              Edward J. McDonough Jr.