# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>   v.<br><br>DLJ MORTGAGE CAPITAL, INC., et al.,<br>      Defendants. | Civil Action No. 11-cv-30047-MGM |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>   v.<br><br>CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., et al.,<br>      Defendants. | Civil Action No. 11-cv-30048-MGM |

## DECLARATION OF STEVEN J. NACHTWEY IN SUPPORT OF MASSMUTUAL'S MOTIONS TO SEAL DOCUMENTS

I, Steven J. Nachtwey, make this declaration pursuant to 28 U.S.C. § 1746. I hereby state as follows:

1. I am a Partner at the law firm of Bartlit Beck Herman Palenchar & Scott LLP, attorneys for Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual"). I am admitted *pro hac vice* in the above-captioned actions. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On behalf of MassMutual, I respectfully submit this declaration in support of MassMutual's Motions to Seal Documents (047 D.E. 353, 358, 363, and 366; 048 D.E. 388, 393, 398, and 401) filed in connection with its motions for partial summary judgment (047 D.E. 350, 355, 360, and 365; 048 D.E. 385, 390, 395, and 400). *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 12; 048 D.E. 126, ¶ 12.

**I.     DOCUMENTS MASSMUTUAL CITES IN SUPPORT OF ITS MOTIONS**

3.     MassMutual states that good cause exists to seal portions of Exhibit 41 to the Swift Declaration on Untrue Statements (excerpts from the expert report of Richard W. Payne). The footnotes in this document contain nonparty borrower information, specifically a borrower's address and place of employment. *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 1(c); 048 D.E. 126, ¶ 1(c). MassMutual is refiling this document with the borrower's information redacted.

4.     MassMutual filed the following documents under seal because Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") has designated them "Confidential" or "Highly Confidential" or they incorporate material Credit Suisse has designated "Confidential" or "Highly Confidential." MassMutual does not assert an independent basis for these materials to remain under seal:

- Memorandum of Law in Support of MassMutual's Motion for Partial Summary Judgment that Credit Suisse Made Untrue Statements and Misleading Omissions (047 D.E. 367, 048 D.E. 402). Counsel for Credit Suisse has informed MassMutual that this document may be publicly filed, and MassMutual is accordingly refiling it in unredacted form.

- Statement of Undisputed Facts Supporting MassMutual's Motion for Partial Summary Judgment that Credit Suisse Made Untrue Statements and Misleading Omissions (047 D.E. 368, 048 D.E. 403). Counsel for Credit Suisse has informed MassMutual that this document may be publicly filed, and MassMutual is accordingly refiling it in unredacted form.

- Exhibit 38 to the Swift Declaration on Untrue Statements (excerpts from the expert report of George S. Oldfield). Counsel for Credit Suisse has informed MassMutual that this document may be publicly filed, and MassMutual is accordingly refiling it in unredacted form.

- Exhibit 40 to the Swift Declaration on Untrue Statements (CSMM001792891)

- Exhibit 42 to the Swift Declaration on Untrue Statements (CSMM000000005)

- Exhibit 43 to the Swift Declaration on Untrue Statements (CSMM000000001)

- Exhibit 44 to the Swift Declaration on Untrue Statements (CSMM000000010)

5.      MassMutual withdraws its confidentiality designation with respect to the following documents attached to MassMutual's motions for summary judgment, which MassMutual is refiling in unredacted form.

- Exhibits 1–19 to the following Declarations: Declaration of Katherine M. Swift in Support of MassMutual's Motion for Partial Summary Judgment on Certain Defenses Asserted by Credit Suisse (047 D.E. 354; 048 D.E. 389); Declaration of Joshua P. Ackerman in Support of MassMutual's Motion for Partial Summary Judgment on Credit Suisse's Statute of Limitations and Statute of Repose Defenses (047 D.E. 359; 048 D.E. 394); Declaration of Katherine M. Swift in Support of MassMutual's Motion for Partial Summary Judgment That Credit Suisse Made Untrue Statements and Misleading Omissions (047 D.E. 369; 048 D.E. 404) ("Swift Declaration on Untrue Statements"; and Declaration of Joshua P. Ackerman in Support of MassMutual's Motion for Partial Summary Judgment That It Lacked Actual Knowledge of Credit Suisse's Material Misstatements and Omissions (047 D.E. 364; 048 D.E. 399) ("Ackerman Declaration on Actual Knowledge") (trade tickets)

- Exhibit 39 to the Ackerman Declaration on Actual Knowledge (excerpts from the deposition of Michelle Richardson)

- Exhibit 41 to the Ackerman Declaration on Actual Knowledge (excerpts from the deposition of David Canuel)

- Exhibit 44 to the Ackerman Declaration on Actual Knowledge (excerpts from the deposition of Victor Shinsky)

- Exhibit 47 to the Ackerman Declaration on Actual Knowledge (excerpts from the deposition of Pawel Bania)

II.     **DOCUMENTS CREDIT SUISSE CITES IN SUPPORT OF ITS MOTIONS**

6.      MassMutual states that good cause exists to seal the following documents that MassMutual has designated "Confidential" and that Credit Suisse has cited in support of its filings:

- Exhibit 32 to the Omnibus Declaration of Jonathan Sablone in Support of Credit Suisse's Motions to Exclude Expert Testimony (047 D.E. 380; 048 D.E. 415) ("Sablone Omnibus Declaration"). This document is a "Verification of Employment" related to a borrower of a mortgage underlying one of the at-issue certificates. *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 1(c); 048 D.E. 126, ¶ 1(c).

7.      MassMutual states that good cause exists to seal portions of the following documents that MassMutual has designated "Confidential" and that Credit Suisse has cited in support of its filings. MassMutual has provided counsel for Credit Suisse with redacted versions of these documents and has informed counsel that they may publicly file the redacted versions:

- Exhibit 6 to the Sablone Omnibus Declaration. This exhibit is the expert report, with appendices, of John A. Kilpatrick. Appendices 7-4 and 9-3 to this report contain confidential information about the borrowers of mortgages underlying the at-issue certificates. *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 1(c); 048 D.E. 126, ¶ 1(c).

- Exhibit 7 to the Sablone Omnibus Declaration. This exhibit is the expert report, with exhibits, of Richard W. Payne. Various pages in this report contain nonparty borrower information, including addresses, places of employment, and loan numbers. *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 1(c); 048 D.E. 126, ¶ 1(c).

- Exhibit 12 to the Sablone Omnibus Declaration. This document contains the workpapers attached to the expert report of George S. Oldfield. The last 126 pages of this document are a printout of a spreadsheet containing loan numbers and addresses of nonparty borrowers. *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 1(c); 048 D.E. 126, ¶ 1(c).

- Exhibit 14 to the Sablone Omnibus Declaration. This exhibit is the rebuttal expert report, with exhibits, of Richard W. Payne. Various pages in this report contain nonparty borrower information, including addresses, places of employment, and loan numbers. Exhibits 2A and 7A to this report also contain nonparty borrower information. *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 1(c); 048 D.E. 126, ¶ 1(c).

- Exhibit 22 to the Sablone Omnibus Declaration. This exhibit contains excerpts from the deposition of Richard W. Payne. Portions of the transcript contain nonparty borrower information, including names and loan numbers, relating to borrowers of mortgages underlying the at-issue certificates. *See* Stipulation and Order for the Production and Exchange of Confidential Information, 047 D.E. 102, ¶ 1(c); 048 D.E. 126, ¶ 1(c).

8.      MassMutual designated the following documents "Confidential" because they cite to and incorporate material that Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") has designated "Confidential" or "Highly Confidential." MassMutual does not assert an

independent basis for these materials to remain under seal, and has informed counsel for Credit Suisse that they may publicly file these documents.

- Exhibit 11 to the Sablone Omnibus Declaration (expert report of George S. Oldfield)

- Exhibit 24 to the Sablone Omnibus Declaration (excerpts from the deposition of George S. Oldfield)

9. MassMutual withdraws its confidentiality designation with respect to the following documents attached to Credit Suisse's filings. MassMutual has informed counsel for Credit Suisse that they may publicly file these documents.

- Exhibits 12–31 to the Declaration of Jonathan Sablone in Support of Credit Suisse's Motion for Partial Summary Judgment on the Proper Calculation of Prejudgment Interest (047 D.E. 383; 048 D.E. 418) ("Sablone Declaration on Prejudgment Interest") (trade tickets)

- Exhibit 32 to the Sablone Declaration on Prejudgment Interest (expert report of Louis G. Dudney)

- Exhibit 5 to the Sablone Omnibus Declaration (expert report of Charles D. Cowan)

- Exhibit 13 to the Sablone Omnibus Declaration (rebuttal expert report of Charles D. Cowan)

- Exhibit 15 to the Sablone Omnibus Declaration (supplemental expert report of Richard W. Payne)

- Exhibit 20 to the Sablone Omnibus Declaration (excerpts from the deposition of Brian G. Cartwright)

- Exhibit 23 to the Sablone Omnibus Declaration (excerpts from the deposition of John A. Kilpatrick)

- Exhibit 25 to the Sablone Omnibus Declaration (excerpts from the deposition of John A. Kilpatrick)

10. I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 14th day of March, 2017, at Chicago, Illinois.

| | |
|---|---|
| March 14, 2017 | Respectfully submitted,<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY<br><br>/s/ *Steven J. Nachtwey*<br><br>John J. Egan (BBO 151680)<br>Egan Flanagan and Cohen, P.C.<br>67 Market Street, P.O. Box 9035<br>Springfield, Massachusetts 01102<br>Telephone: (413) 737-0260<br>Facsimile: (413) 737-0121<br><br>Joseph C. Smith, Jr. (admitted pro hac vice)<br>Lester C. Houtz (admitted pro hac vice)<br>Karma M. Giulianelli (admitted pro hac vice)<br>Bartlit Beck Herman Palenchar & Scott LLP<br>1899 Wynkoop Street, 8th Floor<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br>Facsimile: (303) 592-3140<br><br>Philip S. Beck (admitted pro hac vice)<br>Jeffrey A. Hall (admitted pro hac vice)<br>James B. Heaton III (admitted pro hac vice)<br>Steven J. Nachtwey (admitted pro hac vice)<br>Cindy L. Sobel (admitted pro hac vice)<br>Katherine M. Swift (admitted pro hac vice)<br>Joshua P. Ackerman (admitted pro hac vice)<br>Bartlit Beck Herman Palenchar & Scott LLP<br>54 West Hubbard Street, 3rd Floor<br>Chicago, Illinois 60654<br>Telephone: (312) 494-4400<br>Facsimile: (312) 494-4440<br>steven.nachtwey@bartlit-beck.com<br><br>Counsel for Plaintiff Massachusetts Mutual Life Insurance Company |

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this 14th day of March, 2017.

*/s Steven J. Nachtwey*