UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | * * * | |
|---|---|---|
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 11-30047-MGM |
| DLJ MORTGAGE CAPITAL, INC., et al., | * * | |
| Defendants. | * | |

| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | * * * | |
|---|---|---|
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 11-30048-MGM |
| CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., et al., | * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER REGARDING
CREDIT SUISSE'S MOTIONS FOR PARTIAL SUMMARY
JUDGMENT ON CREDIT SUISSE'S UNTRUE STATEMENTS
AND MISLEADING OMISSIONS
11-30047-MGM (Dkt. No. 365); 11-30048-MGM (Dkt. No. 400)

May 2, 2017

MASTROIANNI, U.S.D.J.

In these actions, Massachusetts Mutual Life Insurance Company ("MassMutual") asserts

Credit Suisse Securities (USA) LLC ("Credit Suisse")[1] violated the Massachusetts Uniform Securities

---

[1] These actions constitute two out of eleven related actions brought by MassMutual in 2011 against various defendants. Credit Suisse is the only remaining defendant in these two actions, which have been combined for scheduling purposes on a single track. (*See* 11-30047, Dkt. No. 326; 11-30048, Dkt. No. 360.) The three remaining actions (11-30044, 11-30126, and 11-30285) have been placed on a separate, slightly delayed track. (*Id.*)

Act ("MUSA"), Mass. Gen. Laws ch. 110A, § 410, in marketing and selling residential mortgage-backed securities ("RMBS"). Presently before the court are MassMutual's motions for partial summary judgment, which seek to establish that Credit Suisse made untrue statements and misleading omissions in the offering documents of RMBS.[2] (11-30047-MGM (Dkt. No. 365); 11-30048-MGM (Dkt. No. 400).) In support, MassMutual relies on certain facts set forth and acknowledged by Credit Suisse in a settlement agreement (and an attachment thereto) Credit Suisse reached with the Department of Justice regarding its RMBS practices, including the securitizations at issue in these actions. For the following reasons, the court will deny MassMutual's motions.

As clarified at the hearing, both parties agree that the Department of Justice Settlement Agreement ("DOJ Settlement"), including the attached and incorporated Department of Justice Statement of Facts ("DOJ SOF"), arose out of the same "claims" at issue here. *See* Fed. R. Evid. 408(a)(1) ("Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: . . . accepting . . . a valuable consideration in compromising or attempting to compromise *the claim* . . . ." (emphasis added)). Rule 408 of the Federal Rules of Evidence is therefore applicable, even though MassMutual was not a party to the DOJ Settlement. *See Portugues-Santana v. Rekomdiv Int'l*, 657 F.3d 56, 63 (1st Cir. 2011) ("[Rule 408's] prohibition applies equally to settlement agreements between a defendant and a third party and between a plaintiff and a third party."); *see also McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985).

MassMutual argues that, unlike the DOJ Settlement itself, the DOJ SOF is admissible. MassMutual contends Rule 408 does not bar factual admissions attached to a settlement agreement, relying on *Zucco v. Kane,* 789 N.E.2d 115, 120 (Mass. 2003). This court, however, is neither bound

---

[2] In these motions, MassMutual does not seek to establish the materiality of any purported misstatement or omission but, instead, leaves the materiality issue for trial.

nor convinced by *Zucco*'s reasoning as applied to Rule 408 of the Federal Rules of Evidence. First, the Supreme Judicial Court in *Zucco* applied a state common law rule on the admissibility of settlements, not Rule 408 of the Federal Rules of Evidence. As the admissibility of settlement agreements is clearly a procedural issue—and MassMutual has not argued otherwise—*Zucco*'s discussion of a state common law rule is immaterial. *See, e.g.*, *Carota v. Johns Manville Corp.*, 893 F.2d 448, 450 (1st Cir. 1990). Second, contrary to MassMutual's argument, the analysis in *Zucco* did not turn on the difference between statements contained within a settlement and those contained within separate documents attached to settlements. Rather, the Supreme Judicial Court explained that "[a]s applied to acceptances . . . the [state] rule does not extend beyond the fact of the settlement itself." *Zucco*, 789 N.E.2d at 120. It later explained that "the admissions at issue here were made on the face of a settlement document, not during the negotiations that produced the agreement." *Id.* The key "distinction," according to the Supreme Judicial Court, was "between statements made during negotiations and statements attached to [or included within] a settlement," *id.*, but that distinction is not relevant for purposes of Rule 408. *See* Advisory Committee Notes to Rule 408, 1972 Proposed Rules ("While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto."). Furthermore, at least one secondary source explicitly states that *Zucco*'s analysis "does not comport with Rule 408." 2 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:57 (4th ed.), at n. 18 and corresponding text.

In effect, acceptance of MassMutual's argument would result in a return to the common law rule, where admissions of fact made in negotiations were generally admissible; this is what Rule 408 was meant to displace. In the process of enacting Rule 408, the Senate rejected the House's proposed changes, which would have "reverted to the traditional [common law] rule." Advisory Committee Notes to Rule 408, 1974 Enactment. Moreover, as Credit Suisse argued at the hearing,

the DOJ SOF is inextricably intertwined with the DOJ Settlement. In fact, the attached DOJ SOF is only "acknowledge[d]" by Credit Suisse in the DOJ Settlement itself. (Dkt. No. 369, Ex. 35 at 1.) Accordingly, the DOJ SOF would not have existed but-for the DOJ Settlement. *See Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1107 (5th Cir. 1981) (explaining that the exception in a prior version of the rule—stating the rule "does not require exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations"—"does not cover the present case where the document, or statement, would not have existed but for the negotiations") (cited with approval in Advisory Committee Notes to Rule 408, 2006 Amendment); *see also Farnham v. Walmart Stores East, L.P.*, 2014 WL 6908907, at *4 (D. Me. Dec. 8, 2014). In the end, the letter, policy, and development of Rule 408 demonstrate that the DOJ SOF (along with the DOJ Settlement) is inadmissible.

As MassMutual's motions rely entirely on the DOJ SOF, they must be denied. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). However, at trial MassMutual may still present the underlying evidence which forms the basis for the facts contained within the DOJ SOF, if otherwise admissible. In other words, as the parties have acknowledged, the underlying evidence is not "immunized" simply because it was presented or utilized in the DOJ settlement process.

For these reasons, Credit Suisse's motions for partial summary judgment (11-30047-MGM (Dkt. No. 365); 11-30048-MGM (Dkt. No. 400)) are DENIED.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge